(35 App. Div. 310.)

KAPLRON v. TUCKER et al.

(Supreme Court, Appellate Division, Second Department. December 6, 1898.)

1. APPEAL—FINDINGS OF REFEREE—REVIEW OF QUESTION OF FACT.
    A finding of a referee on a question of fact will not be reversed where the evidence strongly predominates in support of the finding.

2. VENDOR AND PURCHASER — CONTRACT OF SALE — AGREEMENT FOR LIQUIDATED DAMAGES—CONSTRUCTION.
    A contract for the sale of land provided for the payment of $200 liquidated damages by either party failing to perform his part of the contract, and also provided that, if the vendor should fail to furnish a loan on the property for the vendee, the former should refund the $100 paid by the latter at the time of the sale. Held that, on the failure of the vendor to furnish the loan, the vendee could recover the liquidated damages, and all payments which he had made, although more than $100.

Appeal from judgment on report of referee.

Action by Marris Kaplron against Anna E. Tucker and another to recover for the breach of a contract for the sale of land. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Thomas Darlington, for appellants.
Bruce R. Duncan, for respondent.

WOODWARD, J.   There are only two questions involved in this appeal,—one the construction of a written agreement between the parties, and the other a question of fact, whether the defendants have failed to perform their part of the agreement.   This court has laid down the rule that it is not justified in reversing the determination of the trial court unless it affirmatively appears that the trial court clearly erred in its decision (Deuterman v. Gainsborg, 9 App. Div. 151, 41 N. Y. Supp. 185); and this rule is equally applicable to a trial by a referee. And there can be no good reason for reversing the determination of a referee upon any question of fact where the evidence in support of the finding strongly predominates, as in the case at bar.   Briefly, the contract provides for the sale of certain plots of ground to the plaintiff, for which he was to pay $100 down, and other payments at different times.   He was to construct two houses upon the plots so purchased, and the defendants agreed to secure a loan for him upon the property, from which loan some portion of the original purchase price of the lots was to be paid.   Although the language of the contract is not as clear as might be desired, there is a clause in which the parties stipulated that any failure on the part of either to perform the conditions of the contract should be compensated by the payment of $200 liquidated damages.   The plaintiff paid the $100 agreed upon on the drawing of the papers, and subsequently paid to the defendants $100 more, and went on and did some work upon the lots which were to be built upon.   The defendants assured the plaintiff that they had negotiated the loan which they had undertaken to place; but it subsequently transpired that the loan was not made, and the defendants, while claiming to work diligently to bring about a loan, failed to do so.   This the referee has found.

There was a further clause in the agreement which declares that:

"It is stipulated between the parties hereto that, in case the party of the first part be unable to furnish or place the said loan at or before the aforesaid time mentioned, the said first party is to refund the sum of one hundred ($100) dollars hereinbefore mentioned to the aforesaid second party, and, in addition, the said first party is to pay the expenses of the drawing of plans and specifications, which may be prepared and made in connection with the aforesaid two buildings; then, and in that case, this contract shall cease, and the parties to these presents hereby agree to discontinue any part of this agreement, or expect any redress or damages as a result of entering this contract."

Obviously, if the contention of the defendants is to be accepted,— that a failure on their part to furnish the loan only subjects them to the repayment of $100,—then the plaintiff, who has not been at fault in the matter, is to lose the additional $100 which he has paid in good faith in anticipation of the carrying out of the contract on the part of the defendants.   Clearly, this is not a fair construction of the agreement.   No court can presume that a sane man is going to enter into a contract in which he is to be the loser through the breach of the other party.   That is a construction against reason, and cannot be sustained.   More than this, it makes absolutely nugatory the clause providing for liquidated damages; and it is a well-settled rule of con-

struction that effect, if possible, must be given to all parts of a written agreement.

The fair intent of this contract is expressed, beyond question, in the finding of the referee that the plaintiff is entitled to recover the amount of money he has paid upon the contract, together with the liquidated damages agreed upon. It is the only construction consistent with reason, and which gives effect to all parts of the contract; and the fact being determined that the defendants have failed to secure the loan, as they agreed to do, there is no reason why the judgment should not be affirmed, with costs.    All concur.